JOHNSON *v.* PALMER.

4-9742

247 S. W. 2d 995

Opinion delivered April 14, 1952.

*W. H. Kitchens, Jr.,* for appellant.

*McKay, McKay & Anderson,* for appellee.

ROBINSON, J. The appellant herein, F. H. Johnson, traded for 280 acres of land in Columbia County, Arkansas. The deed conveying the land to Johnson re-

served the minerals. Johnson filed suit to enforce an alleged oral agreement by which he was to get, in the trade, a 1/32nd oil and gas royalty interest in addition to the land. The Chancellor dismissed Johnson's complaint for want of equity.

The appellee sets up three defenses: first, that the testimony is not sufficient to establish an oral contract to convey the minerals; second, that the cause is barred by the seven-year statute of limitations; third, that the claim is barred by the statute of frauds. We hold that the evidence is not sufficient to establish an alleged contract to convey the minerals, and, therefore, it is not necessary to pass on the other issues.

A. M. Wallace, an attorney of Benton, Louisiana, at the request of appellant, Johnson, prepared the deed whereby Johnson conveyed to the appellee, then Mabel Thomas McCorley, Louisiana property in exchange for the Arkansas property. Wallace stated that Mrs. McCorley came to his office along with Johnson and, at that time, stated she had agreed to convey to Johnson a tract of land in Arkansas with part of the oil royalty. The witness could not remember definitely how much royalty, but it was his recollection that Mrs. McCorley stated she agreed to convey one-half of her royalty interest. Johnson testified that Mrs. McCorley said she owned only 1/16th of the royalty and was going to give him one-half thereof, or 1/32nd; that she said she would make a separate deed to the royalty, but that she kept putting him off so far as the royalty was concerned. The deed he received from Mrs. McCorley reserved to the grantor and her heirs and assigns all oil, gas and other mineral rights with the right of ingress and egress for the purpose of drilling and exploring for the same.

Appellant has been in possession of the land he obtained from Mrs. McCorley since December 24, 1941, and has been clearing and cultivating the land since that time. He placed on record the deed he had received wherein the mineral rights were reserved to the grantor. Later he mentioned to the grantor about conveying the minerals.

Mrs. McCorley testified she lived in Louisiana until 1945; that a short time after she executed the deed to Johnson, he came to her house and on his departure said he thought that she was "real cruel" in not giving him a royalty deed; and that she agreed to see her aunt, Mrs. Sorrels, who was her agent. Appellee next saw Johnson at a theatre when the matter was again discussed, but she did not agree to give a royalty deed, and heard no more about the matter until 1949.

Appellant says that it was agreed that he was to receive a deed to a 1/32nd oil and gas royalty. In this respect he is corroborated by his attorney. Yet, he accepted a deed specifically reserving the minerals to the grantor, placed the deed of record, and took no action to enforce the alleged agreement for about 8 years. Mrs. McCorley denies that Johnson made any contention for the minerals until the trade was made and the deeds had been executed and delivered.

"To permit deeds to be impaired and to have engrafted upon them by parol burdens not expressed in their formal recitals may only be done by evidence so clear and convincing that reasonable minds can have no doubt that intentions of the parties were not fully expressed or that a purpose at variance with the deed's provisions was to have been evidenced by an additional writing." *Maloch* v. *Pryor,* 200 Ark. 380, 139 S. W. 2d 51.

Affirmed.